IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. § | |
| § | Civil Action No. 2:10-cv-569-TJW |
| v. § | |
| § | JURY |
| GEORGIO ARMANI S.P.A.; et al. § | |

**DEFENDANT XIONETIC TECHNOLOGIES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Xionetic Technologies, Inc. d/b/a findlocation.com ("Xionetic") answers the allegations in Plaintiff GeoTag, Inc.'s ("Plaintiff" or "GeoTag") Complaint For Patent Infringement ("Complaint") as follows, denying Plaintiff's allegations and averments except that which is expressly admitted herein:

**PARTIES**

1. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.

18. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies them.

19. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.

24. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies them.

25. Xionetic admits that it has a place of business in Bozeman, Montana. To the extent any other allegations or averments are contained within paragraph 25, they are denied.

## JURISDICTION AND VENUE

26. Xionetic admits that the Complaint makes allegations arising under the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. For purposes of this action only, Xionetic does not contest the Court's exercise of personal jurisdiction. Xionetic denies any and all alleged infringement. To the extent that there are other

allegations and/or averments pertaining to Xionetic in paragraph 26, they are denied. To the extent the allegations of paragraph 26 are directed at the other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

27. Xionetic admits that venue is proper in the Eastern District of Texas for purposes of this particular action only. However, Xionetic disputes that venue is more proper or more convenient here than in other jurisdictions, and it reserves the right to seek transfer of this case to another jurisdiction pursuant to Federal Rule of Civil Procedure § 1404(a), at a minimum. Xionetic denies all alleged patent infringement. To the extent any remaining allegations of paragraph 27 are directed at or to Xionetic, they are denied. To the extent any allegations of paragraph 27 are directed at the other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

28. Xionetic denies that the action *Geomas (International), Ltd., et al. v. Idearc Media Services-West, Inc., et al.*, C.A. No. 2:06-cv-475-CE establishes venue for the purposes of the current proceeding. To the extent any remaining allegations of paragraph 28 are directed at or to Xionetic, they are denied. To the extent any allegations of paragraph 28 are directed at the other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,930,474

29. Xionetic admits that U.S. Patent No. 5,930,474 (the "'474 patent") appears to be entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and that it appears to bear an issuance date of July 27, 1999. Xionetic denies that the '474 patent was

"duly and legally issued." To the extent paragraph 29 contains any additional allegations or averments, they are denied.

30. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32. Xionetic denies all alleged patent infringement. To the extent any remaining allegations of paragraph 32 are directed at or to Xionetic, they are denied. To the extent any allegations of paragraph 32 are directed at the other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

33. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

36. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies them.

37. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies them.

40. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies them.

41. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore denies them.

42. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies them.

43. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies them.

44. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies them.

45. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore denies them.

46. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore denies them.

47. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies them.

48. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and therefore denies them.

49. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies them.

50. Xionetic is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies them.

51. Denied.

52. Xionetic denies any and all alleged infringement, including, but not limited to, willful infringement. To the extent that there are other allegations and/or averments pertaining to Xionetic in paragraph 52, they are denied. To the extent the allegations of paragraph 52 are directed at the other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

53. Denied as to Xionetic. To the extent that allegations are directed to other named defendants, Xionetic lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

## PRAYER FOR RELIEF

Xionetic denies that Plaintiff is entitled to any of the requested relief and denies any allegations and/or averments in Plaintiff's prayer for relief.

## DEMAND FOR JURY TRIAL

Xionetic admits that Plaintiff has demanded a jury trial. To the extent that this paragraph contains any allegations and/or averments directed to Xionetic, they are denied.

## DEFENDANT XIONETIC'S AFFIRMATIVE DEFENSES

Upon information and belief, Xionetic alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Xionetic specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement

Xionetic does not infringe and has not infringed any claim of the '474 patent, directly, indirectly, and/or in any alleged way.

### SECOND AFFIRMATIVE DEFENSE: Invalidity

The claims of the '474 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112, *et seq*.

### THIRD AFFIRMATIVE DEFENSE: Waiver, Acquiescence and/or Consent

Plaintiff's claims of infringement under the '474 patent are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or consent.

### FOURTH AFFIRMATIVE DEFENSE: Laches

Plaintiff's claims of infringement under the '474 patent are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE: Estoppel

Plaintiff's claims of infringement under the '474 patent are barred, in whole or in part, by the doctrines of estoppel.

### SIXTH AFFIRMATIVE DEFENSE: Bar to Damages

Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

### SEVENTH AFFIRMATIVE DEFENSE: Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Plaintiff's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, *Bell Atlantic Corp. v. Twombly*, and their progeny.

**EIGHTH AFFIRMATIVE DEFENSE: No Injunctive Relief**

Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Xionetic Technologies, Inc. d/b/a findlocation.com ("Xionetic") asserts the following Counterclaims against Plaintiff GeoTag, Inc. ("GeoTag"):

**THE PARTIES**

1. Counterclaim-Plaintiff Xionetic is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 900 Technology Blvd., Bozeman, MT 59718.

2. Counterclaim-Defendant GeoTag purports to be a Delaware corporation with its principal place of business in Plano, Texas.

**JURISDICTION AND VENUE**

3. Subject to its affirmative defenses and denials, Xionetic alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over GeoTag.

**FACTUAL BACKGROUND**

5. In its Complaint for Patent Infringement, GeoTag asserts that Xionetic has infringed the '474 patent. Xionetic denies GeoTag's allegations of infringement and further

denies that the '474 patent is valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '474 patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of the '474 Patent

6.  Xionetic restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

7.  An actual case or controversy exists between Xionetic and GeoTag as to whether the '474 patent is not infringed by Xionetic.

8.  Xionetic seeks a judicial declaration finding that Xionetic has not infringed and does not infringe, directly or indirectly, any claim of the '474 patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of the '474 Patent

9.  Xionetic restates and incorporates by reference its allegations in paragraphs 1 through 8 of its Counterclaims.

10. An actual case or controversy exists between Xionetic and GeoTag as to whether the '474 patent is invalid.

11. Xionetic seeks a judicial declaration finding that the '474 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant / Counterclaim-Plaintiff Xionetic Technologies, Inc. d/b/a findlocation.com, prays for judgment as follows:

a. A judgment in favor of Xionetic denying Plaintiff all relief requested in its Complaint in this action and dismissing same with prejudice;

b. A judgment in favor of Xionetic on all of its counterclaims;

c. A judgment in favor of Xionetic on all of its affirmative defenses;

d. A declaration that Xionetic has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '474 patent;

e. A declaration that the '474 patent is invalid;

f. An award to Xionetic of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Xionetic respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: March 23, 2011    Respectfully submitted,

*/s/ Allen F. Gardner*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Ave., Suite 500
Tyler, Texas  75702
Tel: (903) 597 8311
Fax: (903) 593 0846

Antoinette M. Tease
**Antoinette M. Tease, P.L.L.C.**
1633 Main St., Ste. A-348
P.O. Box 51016
Billings, Montana 59105
Tel: (406) 245-5254
Fax: (406) 245-4548

**ATTORNEYS FOR DEFENDANT XIONETIC TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 23, 2011.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner