IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. § | |
| § | |
| PLAINTIFF, § | |
| § | C.A. NO. 2:10-CV-00569-TJW |
| v. § | |
| § | JURY TRIAL DEMANDED |
| GEORGIO ARMANI S.P.A., ET AL § | |
| § | |
| DEFENDANTS. § | |

## CONN'S APPLIANCES, INC. AND CONN'S INC.'S
## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Conn's Appliances, Inc. and Conn's Inc. (collectively "Conn's") submit their Answer and Counterclaims to the Complaint filed by GEOTAG, Inc. ("GEOTAG"), and state as follows:

## THE PARTIES

1-9. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1-19 of GEOTAG's Complaint and, therefore, denies the same.

10. Conn's admits that Conn's Appliances, Inc. has a place of business in Beaumont, Texas.

11. Conn's admits that Conn's Inc. has a place of business in Beaumont, Texas.

12-25. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 21-50 of GEOTAG's Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

26. Conn's admits this is a case alleging patent infringement and that the Court has subject matter jurisdiction, but denies it has committed any acts of infringement.

27. Conn's admits that venue and jurisdiction are proper, at least with respect to Conn's, in this Court for this case, but denies it has committed any acts of infringement. Conn's denies that venue in the Marshall Division is convenient.

28. Conn's admits that venue is proper, at least with respect to Conn's. Conn's denies that venue in the Marshall Division is convenient.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

29. Conn's denies that the 5,930,474 patent ("the '474 patent") was issued on July 29, 1999. Conn's denies the remaining allegations in Paragraph 29.

30. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of GEOTAG's Complaint and, therefore, denies the same.

31. Conn's denies the allegations in Paragraph 31 of the Complaint.

32. Conn's denies the allegations in Paragraph 32 of the Complaint.

33-38. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 33-38 of GEOTAG's Complaint and, therefore, denies the same.

39. Conn's denies the allegations in Paragraph 39 of the Complaint.

40-51. Conn's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 40-51 of GEOTAG's Complaint and, therefore, denies the same.

52. Conn's denies the allegations in Paragraph 52 as they relate to Conn's.

53. Conn's denies the allegations in Paragraph 53 as they relate to Conn's.

## PRAYER FOR RELIEF

54. Conn's denies that GEOTAG is entitled to any of the relief sought in its prayer for relief. GEOTAG's prayer should be denied in its entirety and with prejudice, and GEOTAG should take nothing.

## DEMAND FOR JURY TRIAL

55. Conn's also demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Further answering GEOTAG's Complaint, Conn's hereby states its affirmative defenses pursuant to Fed. R. Civ. P. 8(c), as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

56. Conn's is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and asserted claims of the '474 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

57.     The claims of the ‑474 patent, as asserted by GEOTAG, are invalid because they fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Defenses)

58.     GEOTAG's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel and/or Disclaimer)

59.     GEOTAG's allegations are barred by the doctrines of Prosecution History Estoppel and/or Disclaimer and waiver from asserting the claims of the ‑474 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Damages Limitation)

60.     GEOTAG's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

61.     GEOTAG's claims for injunctive relief are barred because there exists an adequate remedy at law and GEOTAG's claims otherwise fail to meet the statutory requirements for such relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Improper Joinder)

62. Some or all of the Defendants have been improperly joined in a single action, and Conn's asserts its right to a separate trial.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

63. GEOTAG's claims are barred due to lack of standing and/or lack of ownership to the extent GEOTAG's allegations extend beyond the patent rights owned by GEOTAG.

## CONN'S COUNTERCLAIMS AGAINST GEOTAG

As for its counterclaims against GEOTAG, Conn's complains as follows:

64. Conn's is a Delaware corporation with a principal place of business at 3295 College Street, Beaumont, Texas 77701.

65. On information and belief (and according to Paragraph 1 of GEOTAG's Complaint), GEOTAG is a Delaware corporation with a place of business in Plano, Texas.

66. This is a claim for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

67. GEOTAG is subject to personal jurisdiction in this judicial district, at least because it has availed itself of the benefit of the Court for the present action.

68. Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

69. Conn's repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

70. Contrary to GEOTAG's allegations, Conn's is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and asserted claims of the '474 patent.

71. To resolve the legal and factual questions raised by GEOTAG, and to afford relief from the uncertainty and controversy that GEOTAG's accusations have precipitated, Conn's is entitled to a declaratory judgment that it does not infringe any claim of the '474 patent.

## COUNT II

### (For Declaratory Judgment of Invalidity)

72. Conn's repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

73. Contrary to GEOTAG's allegations, the claims of the '474 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

74. To resolve the legal and factual questions raised by GEOTAG, and to afford relief from the uncertainty and controversy that GEOTAG's accusations have

precipitated, Conn's is entitled to a declaratory judgment that the claims of the -474 patent are invalid.

## CONN'S PRAYER FOR RELIEF

Conn's respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a) A declaration that Conn's does not infringe any claim of the -474 patent;

(b) A declaration that the claims of the -474 patent are invalid;

(c) Dismissal of all of GEOTAG's claims in their entirety with prejudice;

(d) A declaration that GEOTAG take nothing by way of its Complaint;

(e) An order awarding Conn's its costs;

(f) An order finding that this is an exceptional case and awarding Conn's its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(g) An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

Dated: April 21, 2011          Respectfully submitted,

By:  /s/ J. Thad Heartfield
    J. Thad Heartfield
    Texas Bar No. 09346800
    E-mail: thad@jth-law.com
    M. Dru Montgomery
    Texas Bar No. 24010800
    E-mail: dru@jth-law.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789

COUNSEL FOR DEFENDANTS,
CONN'S APPLIANCES, INC. AND
CONN'S INC.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of April, 2011.  Any other counsel of record will be served by first class mail.

                                                                                  /s/ J. Thad Heartfield  
                                                                                  J. Thad Heartfield