IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | CIVIL ACTION NO. 10-CV-00569 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GEORGIO ARMANI S.P.A.; ET AL. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

### MARKET BASKET'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Market Basket Stores, Inc. d/b/a Market Basket ("Market Basket"), submits its Answer and Counterclaims to the Complaint filed by GeoTag, Inc. ("GeoTag"), and states as follows:

## THE PARTIES

1-9.    Market Basket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1-19 of GeoTag's Complaint and, therefore, denies the same.

10.    Market Basket admits that Market Basket has a place of business in Nederland, Texas.

11.    Market Basket has a place of business in Nederland, Texas.

12-25. Market Basket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 21-50 of GeoTag's Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

26.    Market Basket admits this is a case alleging patent infringement and that the Court has subject matter jurisdiction, but denies it has committed any acts or infringement.

27.     Market Basket admits that venue and jurisdiction are proper, at least with respect to Market Basket, in this Court for this case, but denies it has committed any acts of infringement. Market Basket denies that venue in the Marshall Division is convenient.

28.     Market Basket admits that venue is proper, at least with respect to Market Basket. Market Basket denies that venue in the Marshall Division is convenient.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,930,474

29.     Market Basket denies that the 5,930474 patent ("the '474 patent") was issued on July 29, 1999.  Market Basket denies the remaining allegations in Paragraph 29.

30.     Market Basket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of GeoTag's Complaint and, therefore, denies the same.

31.     Market Basket denies the allegations in Paragraph 31 of the Complaint.

32.     Market Basket denies the allegations in Paragraph 32 of the Complaint.

33-38. Market Basket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 33-38 of GeoTag's Complaint and, therefore, denies the same.

39.     Market Basket denies the allegations in Paragraph 39 of the Complaint.

40-51. Market Basket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 40-51 of GeoTag's Complaint and, therefore, denies the same.

52.     Market Basket denies the allegations in Paragraph 52 of the Complaint.

53.     Market Basket denies the allegations in Paragraph 53 of the Complaint.

## PRAYER FOR RELIEF

54.     Market Basket denies that GeoTag is entitled to any of the relief sought in its prayer for relief. GeoTag's prayer should be denied in its entirety and with prejudice, and GeoTag should take nothing.

## DEMAND FOR JURY TRIAL

55.     Market Basket also demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Further answering GeoTag's Complaint, Market Basket hereby states its affirmative defenses pursuant to Fed. R. Civ. P. 8(c) as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

56.     Market Basket is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and asserted claims of the '474 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

57.     The claims of the '474 patent, as asserted by GeoTag, are invalid because they fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Defenses)

58.     GeoTag's claims are barred in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel and/or Disclaimer)

59.     GeoTag's allegations are barred by the doctrines of Prosecution History Estoppel and/or Disclaimer and waiver from asserting the claims of the '474 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Damages Limitation)

60.     GeoTag's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

61.     GeoTag's claims for injunctive relief are barred because there exists an adequate remedy at law and GeoTag's claims otherwise fail to meet statutory requirements for such relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Improper Joinder)

62.     Some or all of the Defendants have been improperly joined in a single action, and Market Basket asserts its right to a separate trial.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

63.     GeoTag's claims are barred due to lack of standing and/or lack of ownership to the extent GeoTag's allegations extend beyond the patent rights owned by GeoTag.

## MARKET BASKET'S COUNTERCLAIMS AGAINST GEOTAG

As for its counterclaims against GeoTag, Inc., Market Basket complains as follows:

64.     Market Basket is a Louisiana corporation with a principal place of business at 2420 Nederland Ave., Nederland, Texas 77627.

65.     On information and belief (and according to Paragraph 1 of GeoTag's Complaint), GeoTag is a Delaware corporation with a place of business in Plano, Texas.

66.     This is a claim for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

67.     GeoTag is subject to personal jurisdiction in this judicial district, at least because it has availed itself of the benefit of the Court for the present action.

68.     Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

69.     Market Basket repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

70.     Contrary to GeoTag's allegations, Conn's is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalent, any valid and asserted claims of the '474 patent.

71.     To resolve the legal and factual questions raised by GeoTag, and to afford relief from the uncertainty and controversy that GeoTag's accusations have precipitated, Market is entitled to a declaratory judgment that it does not infringe any claim of the '474 patent.

## COUNT II

### (For Declaratory Judgment of Invalidity)

72.     Market Basket repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

73.     Contrary to GeoTag's allegations, the claims of the '474 patent are invalid under one or more sections to Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

74.     To resolve the legal and factual questions raised by GeoTag, and to afford relief from the uncertainty and controversy that GeoTag's accusations have precipitated, Market Basket is entitled to a declaratory judgment that the claims of the '474 patent are invalid.

### MARKET BASKET'S PRAYER FOR RELIEF

Market Basket respectfully requests that this Court enter judgment in its favor and grant the follow relief:

(a)     A declaration that Market Basket does not infringe any claim of the '474 patent;

(b)     A declaration that the claims of the '474 patent are invalid;

(c)     Dismissal of all of GeoTag's claims in their entirety with prejudice;

(d)     A declaration that GeoTag take nothing by way of its Complaint;

(e)     An order awarding Market Basket its costs;

(f)     An order finding that this is an exceptional case and awarding Market Basket its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(g)     An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

Dated:  April 21, 2011

Respectfully Submitted,

**JEFFREY & MITCHELL, P.C.**

By: _____
    Ray B. Jeffrey
    State Bar No. 10613700
    2631 Bulverde Road, Suite 105
    Bulverde, Texas 78163
    Tel: (830) 438-8935
    Fax: (830) 438-4958

    Michael J. Truncale
    State Bar No. 20258125
    ORGAIN BELL & TUCKER, LLP
    470 Orleans
    Beaumont, TX 77701
    Tel: (409) 838-6412
    Fax: (409) 838-6959

**ATTORNEYS FOR DEFENDANT, MARKET BASKET**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was furnished to opposing counsel on this the 21st day of April, 2011.

_____
Ray B. Jeffrey